IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
NEWPORT NEWS DIVISION

CELESTE S. MASOERO,

   Plaintiff

   v.                                                 CIVIL NO. 4:12cv128

FOOD LION, LLC,

and

DELHAIZE AMERICAN, LLC,

   Defendants.

## OPINION AND ORDER

This matter comes before the Court upon a Motion for Summary Judgment filed by Food Lion, LLC and Delhaize America, LLC (jointly "Defendants"). ECF No. 7. For the reasons set forth herein, the Court **GRANTS** Defendants' Motion for Summary Judgment. ECF No. 7.

### I.   PROCEDURAL HISTORY

Celeste S. Masoero ("Plaintiff") filed her Complaint in the Circuit Court for the City of Hampton on or about July 3, 2012. Compl., ECF No. 1-1. Plaintiff alleged injuries in the amount of $500,000. Defendants filed their Answer on August 1, 2012. Answer, ECF No. 1-2. On August 9, 2012, Defendants filed their Notice of Removal. Defendants represents that Plaintiff is a Virginia citizen, whereas Defendants are citizens of Virginia. Defendants further represent that the amount-in-controversy exceeds $75,000.

On October 2, 2012, Plaintiff provided answers to Defendants' interrogatories. Interrog., ECF No. 8-2. Defendants' counsel deposed the Plaintiff on February 12, 2013. Masoero Dep.,

1

ECF No. 8-1. According to Defendant, Plaintiff did not serve discovery on Defendants or depose any witnesses in this matter. Defs.' Mem. Supp. 1, ECF No. 8.

On February 21, 2013, Defendants moved for Summary Judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure. Defs.' Summ. J. Mot., ECF No. 7; see also Defs.' Mem. Supp., ECF No. 8. Defendants filed their Reply on March 9, 2013. Defs.' Reply, ECF No. 10.

## II. FACTUAL HISTORY

On or about July 11, 2011, Plaintiff entered Defendants' store around 10:00 A.M. to purchase flowers. Masoero Dep. 8-9, ECF No. 8-1. The store is located at 21 West Mercury Bouleard in Hampton, VA. Compl. 2, ECF No. 1-1. She was not accompanied by anyone. Masoero Dep. 8-9, ECF No. 8-1. Plaintiff proceeded to the flower case, which was located approximately 20 to 25 feet inside the store. Interrog. 9, ECF No. 8-2. An industrial, black rubber mat with carpeting on the top sat in front of the flower case. Masoero Dep. 15, ECF No. 8-1. The mat was approximately 4 x 6 feet, and was lying on an off-white floor. Masoero Dep. 14-15, ECF No. 8-1.

Plaintiff slipped "over," Masoero Dep. 10, ECF No. 8-1, or "on," Masoero Dep. 12, ECF No. 8-1, the rubber mat, resulting in her falling to the floor. Specifically, Plaintiff claims she was mid-stride, with one foot on the floor, and the other foot on the rubber mat, when the fall occurred. Masoero Dep. 15-16, ECF No. 8-1. Plaintiff claims that, as a result of the fall, she suffered a number of injuries. See generally Masoero Dep. 17-36, ECF No. 8-1.

According to Plaintiff, if she had been looking down, the mat would have easily been seen. Masoero Dep. 13, ECF No. 8-1. Plaintiff did not, however, look down at the mat prior to her fall. Masoero Dep. 12, ECF No. 8-1. Rather, her "focus was to go to the flower bin and get flowers out." Masoero Dep. 13, ECF No. 8-1. Plaintiff also states that she does not believe she saw the mat in a flipped-up position, or anything to that effect, after the fall. Masoero Dep. 21,

2

ECF No. 8-1. Plaintiff did, however, notice that the mat was wet after her fall, Masoero Dep. 10, ECF No. 8-1, but does not know what caused the wetness or for how long it had been wet prior to her fall, Masoero Dep. 16, ECF No. 8-1.

## III. DISCUSSION

### A. STANDARD OF REVIEW

Summary judgment is granted only where there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). A genuine issue of material fact exists if "the evidence is such that a reasonable jury could return a verdict for the non-moving party." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). Pursuant to Rule 56(c) of the Federal Rules of Civil Procedure, a court must "enter judgment against a party who, 'after adequate time for discovery . . . fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial.'" Othentec Ltd. v. Phelan, 526 F.3d 135, 140 (4th Cir. 2008) (quoting Stone v. Liberty Mut. Ins. Co., 105 F.3d 188, 190 (4th Cir. 1997)).

In reviewing a motion for summary judgment, the Court construes all facts and inferences in the light most favorable to the non-moving party. Scott v. Harris, 550 U.S. 372, 378 (2007) (citing United States v. Diebold, Inc., 369 U.S. 564, 655 (1962); Saucier v. Katz, 533 U.S. 194, 201 (2001)). The moving party bears the initial burden of showing "the absence of an essential element of the nonmoving party's case and that it is entitled to judgment as a matter of law." Honor v. Booz-Allen & Hamilton, Inc., 383 F.3d 180, 185 (4th Cir. 2004). Once the moving party satisfies this burden, the nonmoving party then must recite specific facts showing that there is a genuine dispute of fact which merits a trial. Id. (citing Matsuhita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586-87 (1986)).

3

B.  ANALYSIS

Under Virginia law, "a store owner owes its customers a duty to exercise ordinary care to correct or warn of dangerous conditions on the premises of which it knows or should know." Hudson v. Wal-Mart Stores E., L.P., 4:06cv35, 2007 WL 2107466, at *2 (W.D. Va. July 20, 2007) (citing Winn-Dixie Stores, Inc. v. Parker, 240 Va. 180, 182 (1990)). To establish a prima facie case of negligence, Plaintiff must demonstrate that: (1) Defendants owed Plaintiff a duty of care; (2) the floor mat by the flower case constituted an unsafe condition; (3) the unsafe condition was the proximate cause of Plaintiff's fall; (4) Defendants had actual or constructive notice of the alleged unsafe condition, and failed to warn customers or correct the defect within a reasonable period of time; and (5) Plaintiff suffered damages as a result of Defendants' breach. Anderson v. Kroger Ltd. P'ship I, 2:11cv192, 2011 WL 5101764, at *2 (E.D. Va. Oct. 26, 2011) (citing Griffin v. Wal-Mart Stores, Inc., No. 3:94cv941, 1995 U.S. Dist. LEXIS 6507 (E.D. Va. April 10, 1995)).

Summary judgment is appropriate in this case because, having had adequate time for discovery, Plaintiff cannot establish two essential elements on which she will bear the burden of proof at trial. According to Plaintiff's Complaint, the cause of her injury was "a rubber mat . . . left in a folded over position on the floor" of Defendants' store. Compl. 2, ECF No. 1-1. This is consistent with Plaintiff's answer to Defendants' interrogatories, where she states that "I tripped over a mat that had been left in a folded over position in front of the flower case." Interrog. 9, ECF No. 8-2.

Placing a rubber mat on the floor is not, in and of itself, an unsafe condition. Therefore, Plaintiff's claim of an unsafe condition rests on her allegation that the mat was in a folded-over position prior to her fall. The only evidence of the mat being in such a folded-over position are the statements set forth in Plaintiff's Complaint and interrogatory answers. Compl. 2, ECF No.

4

1-1; Interrog. 9, ECF No. 8-2. However, during her deposition, Plaintiff testified that she did not look down at the mat prior to falling, Masoero Dep. 12, ECF No. 8-1, and does not believe that she saw the mat flipped-up, or anything to that effect, after the fall, Masoero Dep. 21, ECF No. 8-1. In light of her deposition testimony, the statements set forth in Plaintiff's Complaint and interrogatory answers concerning how the fall occurred—the folded-over floor mat—are purely supposition, not evidence. By Plaintiff's own admission, there is no evidence that the mat was in a folded-over position before or after her fall. As a result, Plaintiff will be unable to establish that the floor mat by the flower case constituted an unsafe condition.[1]

Based on those same admissions, Plaintiff will also be unable to establish that Defendants had actual or constructive notice of the alleged unsafe condition—i.e., the folded-over floor mat. Plaintiff cannot say that the floor mat was in a flipped-up position, much less explain how it came to be in that position, or for how long it was in the position prior to the fall.

Because Plaintiff will be unable to establish that the floor mat constituted an unsafe condition, or that Defendants were on actual or constructive notice of the alleged unsafe condition, the Court finds that it must grant summary judgment in Defendants' favor.

## IV. CONCLUSION

For the reasons set forth herein, the Court **GRANTS** Defendants' Motion for Summary Judgment. ECF No. 7. The Clerk is **DIRECTED** to forward a copy of this Order to all Counsel of Record.

---

[1] Plaintiff might have argued that the floor mat constituted an unsafe condition because it was, allegedly, wet. But, Plaintiff insists, in her Response to Defendants' Motion for Summary Judgment, that she never said the liquid "caused her fall." Pl.'s Resp. 2, ECF No. 10. Plaintiff also admitted that she did not know what caused the wetness or for how long it had been wet prior to her fall, Masoero Dep. 16, ECF No. 8-1. Thus, even if Plaintiff had alleged that the moisture was the cause of her fall, the claim would fail because she could not show Defendants had actual or constructive notice that the mat was wet.

IT IS SO ORDERED.

/s/
Robert G. Doumar
Senior United States District Judge

_____
UNITED STATES DISTRICT JUDGE

Norfolk, VA
March 21, 2013